This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Terry Lumber Supply Co., appeals from the judgment of the Cuyahoga Falls Municipal Court, which found in favor of Appellee, William D. Galewood. We affirm.
Appellee filed a complaint against Appellant alleging a breach of contract claim. Appellant filed an answer and counterclaim requesting an award of attorneys' fees and interest. The magistrate found in favor of Appellee on the complaint and counterclaim and awarded damages in the amount of $660, plus costs and interest. Appellant filed timely objections and requested findings of fact and conclusions of law. Subsequently, the magistrate issued findings of fact and conclusions of law. The trial court affirmed the decision of the magistrate. Appellant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court's judgment is contrary to the law of implied warranties.
In Appellant's assignment of error, it argues that the trial court erred in finding in favor of Appellee on the basis that Appellant breached an implied warranty. Specifically, Appellant contends that the doctrine of implied warranties does not apply. We disagree.
When a party objects to a magistrate's decision, the party must comply with Civ.R. 53, which provides, in part:
 Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Civ.R. 53(E)(3)(b).
When a transcript is not available, Civ.R. 53(E)(3)(b) provides that a party may support objections with an affidavit of the relevant evidence presented at the hearing. This court has held that a party may support objections with an affidavit in lieu of a transcript when: (1) the party demonstrates that a transcript is not available, and (2) the affidavit describes all the relevant evidence presented at the hearing and not just the evidence that the party feels is significant. Csongei v. Csongei
(July 30, 1997), Summit App. No. 18143, unreported, at 3-5.
Although Appellant challenged the magistrate's decision through timely objections, it did not comply with the requirements of Civ.R. 53(E)(3)(b). Significantly, it did not provide the trial court with a complete transcript of proceedings or a proper substitute. A review of the record indicates that Appellant filed an affidavit in lieu of a transcript with its objections. However, Appellant failed to assert, much less demonstrate, that a transcript of the hearing was not available.
Since Appellant failed to comply with the requirements of Civ.R. 53(E)(3)(b), the trial court was required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts. See State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730. This court is likewise limited to that standard of review. Melendez v. Mankis (Dec. 15, 1999), Lorain App. No. 98CA007091, unreported, at 5.
In its assignment of error, Appellant challenges the trial court's holding that Appellant breached its implied warranty of merchantability and fitness for a particular purpose. The magistrate and trial court premised that legal conclusion on facts presented during the hearing. Without a record of the evidence, as required by Civ.R. 53(E)(3)(b), this court cannot pass upon this issue. Therefore, Appellant's assignment of error is overruled.
Appellant's sole assignment of error is overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Fallls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
WHITMORE, J. CONCURS, CARR, J., CONCURS IN JUDGMENT ONLY.